Edie Cunningham of the Federal Defender's Office, on behalf of Mr. Caceres-Olla, I would like to reserve three minutes for rebuttal. Appellant's prior conviction for consensual sexual contact with a teenager does not qualify as a crime of violence. As the government has conceded, it is not sexual abuse of a minor because the minor was at least 14 and there's no showing of sexual intent. It's not statutory rape because there's no showing of penetration and there's no four-year age difference requirement in the statute. And it's not a forcible sex offense because the history and structure of the Guidelines show that that term does not encompass offenses where consent is invalid merely because of age. I'll first address the forcible sex offense issue. The issue here is discerning the intent of the Commission when it added the parenthetical in 2008 regarding invalid consent. Nothing in the history, structure, or commentary for that amendment indicates an intent for that provision to include offenses based on age. And the Fourth Circuit recently reached that same conclusion in Rangel-Castaneda, which is discussed in a 28J filed in April. And also Judge Toshima explained the rationale in Gonzales-Aparicio. Looking at the history of this case, the rationale is something like we don't want redundancy. But if you look at the real history of this thing, they start off with a provision in 2001, I guess, and the courts say, oh, well, there must be threat or use of force. And so they amend it and say, oh, no, we don't want that to be true. And they say, we especially don't want it to happen to children. And so they put in statutory rape and such. And they do that. Then the courts come back and say, oh, yeah, but we think there must be force. There must still be some force for anybody else beyond penetration. And they say, no, we don't want that either. It looks to me like the Commission is trying to tell the courts, we want this to be as broad as possible. And what they did put in wasn't something like if consent is illegal or you can't validly give consent, legally give consent, which we have said is precisely the case with minors. They can't legally ‑‑ it's legally impossible for them to give consent. I have several responses to that question. Sure you would. First of all, if you look at the history of the provision, forcible sex offense originally did include sexual abuse of a minor. Then the Commission made the pointed choice to remove it and make it an independent example and add statutory rape. And that in the ‑‑ Because we ‑‑ because the courts had said, oh, well, what you had there requires a use or threat of force. And so they said, oh, no, we don't want that. And they ‑‑ Well ‑‑ We have the minors especially to make sure, and they said, to make sure we're protecting minors. Yes. And they were protecting minors through sexual abuse of a minor and statutory rape. And then when they added the amendment in 2008, there's a long explanation of why they added the amendment, and there's nothing in there that indicates any intention to include offenses based on age. The question behind Judge Fernandez's question is sort of an observation that the result doesn't come out very sensibly, because it seems to lead to the conclusion that if you ‑‑ the victim is not able to consent for some reason other than age, then the sex offense can be any kind of sexual offense. But if the person is not able to consent because of age, it has to be rape, i.e., with penetration. That's essentially your position. No, Your Honor, because it can be sexual abuse of a minor, too. Well, I know, but sexual abuse of a minor, as I understand it, means a very young child. Yes. So ‑‑ But if you have a 14‑year‑old victim, child, or victim, but a child, then you can't have a nonforceable offense unless there's penetration. That's your position. And that may be where they left us, but that is your position. It should be, if it's per se abusive. In this case, it's not. It's consensual sexual activity. But there's just nothing to indicate ‑‑ It can't be consensual. There's nothing to indicate that the commission intended offenses based on age to be included. And I think the term sex offense is instructive here. Because although it's not defined in the 2L guideline, it is defined in other guidelines. And it is defined to exclude consensual sexual activity with a teenager when there's less than a 4‑year age difference. Because that simply does not fit within the concept of forceable sex offense. There's no power imbalance. There's no implicit compulsion. Courts around the country have found that teenagers that close in age can voluntarily consent. The en banc court in this case, in Estrada Espinosa, reached that conclusion and found that the contemporary notion of statutory rape around the country includes a 4‑year age difference. So I don't think the commission ‑‑ Okay. So your answer is really ‑‑ is separated out because it's a more discreet problem that needs a more discreet answer. Well, right. And you have to look at the commission's intent. If the commission had intended this to include something based on age, you would think that they would have said something in that commentary about it. And they said nothing about it. They talked about Fifth Circuit cases addressing mental incapacity, coercion, non‑physical coercion, intoxication. They said not one thing about age. And the thing is, this is a 16‑level enhancement. So not any kind of contact with a minor is going to qualify. It has to be a very serious crime to qualify as a 16‑level enhancement. And consensual activity between a 14‑year old and a 15‑year old or a 14‑year old and a 16‑year old is just not bad enough to qualify. It's not even considered a sex offense under SORNA. If we agree with your argument, what are you asking us to do? I'm asking you to say that the enhancement was improper in this case. And are you asking us to remand on a closed record or an open record under Matthews? We think they have the ability to present their documents. It should be on a closed record. But primarily we're interested in the validity of the enhancement. And one last point on the forcible sex offense. If there's any question about what the commission meant, the rule of lenity dictates that the defendant's interpretation must prevail. To go back to Judge Pius's question, it would have to be a modified category. In order to introduce anything else, it would have to be consistent with a modified categorical approach, right? And the crime, the state statutory rape crime, it does have a penetration or not penetration alternative, right? Yes, Your Honor. That is a divisible part of it. But that's the only divisible part of it. The judicially noticeable documents established that there was no penetration. It was merely sexual contact. So under Decompt, as you may be getting at, the modified categorical approach no longer applies to age. So the minor is the point of an open record. There's nothing they could introduce. I don't believe there is really anything additional they could introduce. All they have under the statute is that the minor is one day shy of 16, and the defendant can actually be any age, because the defendant's age is not covered by the statute. And as to the statutory rape, penetration is required for intercourse under the contemporary and traditional meaning and under this Court's opinion in Lapis Salis. And a 4-year age difference, as this Court has already found in Ostrada-Espinada, is part of the common and contemporary meaning. The majority of the cases we've heard about in this Court's opinion in Lapis Salis Lopez Salis just discusses that intercourse contemplates more than just slight penetration. But if you look at the definition of intercourse in, like, 45 States, the Model Penal Code, penetration is required. Black's Law Dictionary says intercourse usually means penetration. But the fact that statutory rape involves intercourse, is that the statute involved intercourse, but generically? Statutory rape is really not a term used by many States anymore, so we have to look at what we think the Commission meant by it and its traditional common meaning is unlawful sexual intercourse, as this Court has found in Rodriguez-Guzman. And I'd like to reserve the rest of my time. That's fine. Go ahead. Good morning, Your Honors. Erica Sager on behalf of the District of Arizona. The defendant's prior conviction in this case is that she was sexually assaulted by a man. The defendant's prior conviction in this case is that she was sexually assaulted by a man. The defendant's prior conviction in this case is that she was sexually assaulted by a man. And the defense doesn't know, by any means, what the court precluded, such as consent to the conduct, is involuntary,or coerced. In your argument, what's the difference, under the guideline, what's the difference between forcible sex offense and statutory rape? Statutory rape is an enumerated offense, which would have very distinct elements that this court has somewhat defined, but not 100 percent clearly defined, whereas forcible sex offense is more akin to the element test. Well, using Judge Fernandez's comment earlier, does statutory rape, where, you know, legally you can't have consent, how does that fit into your argument about forcible sex offense? It would depend on the statute of conviction. For example, if this court determines that there is a four-year age difference required for statutory rape offense to qualify for a crime of violence, then the forcible sex offense would cover situations where there's not a four-year age difference. But is there any theory on which your theory of forcible sex offense would totally obliterate the need for any statutory rape language in the statute? Again, I think — Is it a complete overlap, the way you're discussing it? In the majority of circumstances, yes. There would be an overlap. Well, in any circumstance. Is there any circumstance in which it's not a complete overlap? Without being familiar — I mean, without being able to look at every single statute, it's probably — Can you think of one? I cannot think of one, no. Then why would they leave it in there? Because when you look at the evolution of the — Just a mistake. No. It's definitely not a mistake. But when you look at the evolution of the expansion of this term, it's clear that the Sentencing Commission was trying to cover every single type of crime. But they should have — I mean, on your theory, they should have taken out the statutory rape language because they have the same thing in there twice now. They could. They just forgot they screwed up. No, I don't think that's the case. Because I think there's a difference between the way forcible sex offenses is defined and the way statutory rape is defined. But you just told me there isn't one. Well, but statutory rape is an enumerated offense. It has a generic Federal definition that is going to be applied to any statute of conviction. Whereas forcible sex offenses is not a generic — there's not going to be a generic — Well, there has to be because of — There's a definition, but it's different than the enumerated crimes. Because when you look at a state statute, there's not going to be a — I think the traditional view of the crime of violence provision is that each of those is an enumerated crime until you get to the catch-all at the bottom. And the forcible sex offense, the way it's written, is more akin to the catch-all, the element test, because when you look at the definition, it says it includes crimes where consent is not legally valid. It repeatedly references a plural set of offenses versus statutory rape or murder or aggravated assault. But in the language of the guideline, the — I don't have it in front of me, but I believe that the catch-all reads like a catch-all, i.e., it says, or anything else. Isn't that right? Or any crime that has — The other offense. Correct.  But this doesn't have the other. So it's not a catch-all. It is a separate enumerated crime. It doesn't — I just don't see how there's any way to understand your argument other than that Congress has a completely included offense in the middle of the forcible sexual offense crime. That the statutory rape language is entirely superfluous, the way you're reading it. It would be no different than, for example, aggravated assault also meeting the element test at the end, or murder or aggravated assault also. Except that it says other. The other. The element — the test at the end is explicitly other. Anything else, then? In other words, it's not — it's not redundant. Any crime that we haven't mentioned, that also has this characterization. And in the government's position is that that was the intent of forcible sex offenses as well. And that's why it included crimes and it says forcible sex offenses, because it's including a — it's a category of crimes and not a specific offense, much like murder, aggravated assault, sexual abuse of a minor. It's not a specific offense that you can find in and you're not going to be able to find a forcible sex offense as the statute. To change the subject a little bit, do you agree that statutory rape is any independent significance? It does require some amount of penetration. I believe under the way this Court has defined statutory rape, there would need to be some amount of penetration. Because it is that in Rodriguez — Ever decided on the age difference issue. Correct. And I believe, Your Honor, in Zamorano-Ponce, that was mentioned specifically that the Court declined to reach the issue of whether or not there's a four-year age difference required. Okay. And then finally, if we disagreed with you and thought that, in fact, statutory rape has to be separate, is there any reason to go back? Is there anything you could introduce in the record that would matter? Your Honor, it would need to be remanded for resentencing, clearly. But no, I believe under — there is nothing else that the government has not already submitted. We did submit in this case to change the plea, call the plea, and other. So even if DeCamp permitted the Court to do a modified categorical analysis, there are no additional judicially noticeable documents that the government could submit to further clarify or further narrow down what the defendant did. And essentially, they demonstrate that he wasn't convicted of anything that required penetration. Your Honor, what he was convicted of was sexual contact, which I believe involved the union of the penis and the vagina. So the government's position is that is sexual penetration. Oh, it is. And when there's a union between the penis and the vagina, that would qualify as penetration. In sum, the federal definition of forcible sex offense does not contain an additional requirement that's absent from the Florida statute. We have a situation where we had a 14-year-old child who was engaging in sexual intercourse with, although not part of the judicially noticeable documents, a 26-year-old male. Those are the facts of the situation. So it's not a Romeo and Juliet situation or anything that this Court would need to be concerned about. The 14-year-old was not legally capable of consent, and that falls directly within what the guidelines have defined or have set out as a situation where there may be assent in fact, but no legally valid consent. And a 14-year-old cannot legally valid consent to sexual contact, sexual intercourse. This Court has previously addressed that and found that to be the case. The Court below was proper in assessing the 16-level enhancement for that reason. With regard to the reasonableness of sentence, the Court did do an analysis, and it did state that it had reviewed the defendant's history, his immigration history, all the information that was submitted by both the defense counsel and the government, and in doing that, then found that a guideline sentence was appropriate, the low end of a guideline sentence was appropriate. So the sentence was reasonable considering the 3553A factors. Roberts. Thank you. I'll just give you a minute for rebuttal there. Thank you, Your Honor. To pick up on the last point that my opposing counsel made, none of the records of the conviction court state the name of the defendant, excuse me, state the age of the defendant, and as this Court is aware. Almost agreed with that, but I mean, I gather that the basic agreement is that if we thought that this had to be statutory rape, there would be a remand, and they would say they don't have any more documents. They wouldn't introduce any more documents. They would argue that the existing documents prove penetration. You could argue about that. Well, as far as penetration goes, the statute includes both penetration and union, so union has to mean something other than penetration. I understand that, but you would argue about it. Is there any reason we should be deciding that at this point? Oh, no, Your Honor. I'm just saying as far as the statutory definition, union does not mean penetration. Union means contact. That's clearly set forth in Florida law, and there would be no need. That would be, without having an open record, because there's no reason to have an open record, you still go back for resentencing and you would talk, you would, and the district judge would decide whether these documents demonstrate whatever it is that the generic crime and statutory rape requires. Yes, Your Honor. But we would ask for a closed record. Okay. Thank you, counsel. Thank you, counsel. We appreciate your arguments. The matter will be submitted at this time.
judges: Fernandez, Paez, Berzon